IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CRYSTAL H. MILES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0847-O-BP |
| | § | |
| DAVID STEINER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motions for Default Judgment (ECF Nos. 75, 76, 79, 82) that Plaintiff Crystal Miles filed on January 16, and February 4, 2026, and Notice of Deficient Service of Process that Defendant David Steiner filed on January 29, 2026 (ECF No. 81). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** the Motions for Default Judgment (ECF Nos. 75, 76, 79, 82).

**I.   BACKGROUND**

On June 3, 2025, the United States Equal Employment Opportunity Commission ("EEOC") denied Miles' request for reconsideration of employment to the United States Postal Service ("USPS"). ECF No. 3. At 1. In her EEOC complaint, Miles alleged she was discriminated against on the base of race, color, religion, sex, age, and disability, and in reprisal for prior protected activity. *Id.* at 3. Miles now sues the Postmaster General of the USPS among several other defendants alleging the defendants acted maliciously and intentionally and that their actions caused her to suffer "emotional distress, los[t] wages, pain and suffering, loss of enjoyment of life." *Id.* at 1. She seeks punitive, compensatory, and monetary damages. *Id.*

On January 12, 2026, Miles filed Proof of Service stating that a process server had served Steiner with process on November 11, 2025. ECF Nos. 70, 71. On January 16, 2026, Miles moved for a default judgment, claiming that although the USPS had been served on November 12, 2025, it had "failed to appear and/or answer." ECF No. 75 at 2.

On January 29, 2026, USPS responded to Miles' request claiming that entry of default judgment was improper. ECF No. 81. USPS argues that process was not properly effected on the U.S. Attorney for the Northern District of Texas as required by Federal Rule of Civil Procedure 4(i)(1)(A). *Id.* at 2-3. USPS offers to assist Miles in perfecting service via email communication. *Id.* at 3.

## II.    LEGAL STANDARD

### A.    Default judgment

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2).

The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998). Although the Fifth Circuit does not favor default judgments, this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial

judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers*, 167 F.3d at 936). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 (calling default judgments "draconian").

### III.   ANALYSIS

Here, the clerk has not entered default under Federal Rule of Civil Procedure 55(a). Additionally, it appears that Miles has not effected adequate service on USPS. To serve an agency of the United States such as USPS, a plaintiff must either:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office.

Fed. R. Civ. P. 4(i)(1). Miles claims she has effected adequate service on the USPS. However, the proof of service she submitted indicates that her process server served the executive legal administrator designated by law to accept service on behalf of Steiner, as Postmaster General of USPS. ECF No. 70 at 1. Miles does not show that she complied with the requirements of Fed. R. Civ. P. 4(i)(1) in serving USPS by either delivering a copy of the summons and of the complaint to the United States attorney for the district where the action is brought or sending a copy of each to the civil-process clerk at the United States attorney's office. Therefore, Miles has not adequately effected service on USPS.

Without a prior entry of default or proper service, Miles has no basis for seeking a default judgment. *See Rogers*, 167 F.3d at 937. Entry of a default judgment would not be appropriate under these circumstances. *Id.*

## IV. CONCLUSION

Entry of a default judgment against the USPS is not appropriate in this case. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Miles' Motions for Default Judgment (ECF Nos. 75, 76, 79, 82).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on February 17, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE