**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CRYSTAL H. MILES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-0847-O-BP** |
| | § | |
| **DAVID STEINER,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Continue Default Judgment (ECF No. 89) that *pro se* Plaintiff Crystal Miles filed on March 24, 2026, and Request for Clerks Entry of Default and Motion for Default Judgment (ECF No. 90) that Miles filed the same day. On March 9, 2026, the Court accepted the undersigned's findings, conclusions, and recommendation (ECF No. 84) and denied Miles' *four* previous requests for Default Judgment. ECF No. 86. Undeterred, Miles now makes two additional requests for the same relief. The first appears to be a "Medical Record Summary" from a series of telehealth appointments that may have been erroneously filed. *See* ECF No. 89. The second seems to be identical to the previous requests for default judgment the Court already denied. *Compare* ECF No. 90 *with* ECF Nos. 75, 76, 79, 82.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** the Motions (ECF Nos. 89, 90) for the same reasons explained in the prior findings, conclusions, and recommendation (ECF No. 84). In addition, the undersigned recommends that Chief Judge O'Connor caution Miles that the Court may impose monetary sanctions against her if she continues to file duplicative and unmeritorious requests for relief. Fed. R. Civ. P. 11(b) (Sanctions

under rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose or the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court.").

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on March 25, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2